# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET, MARCH TERM 1836, AT BOSTON.

#### PRESENT:

Hon. LEMUEL SHAW, CHIEF JUSTICE,
Hon. SAMUEL PUTNAM, ⎞
Hon. SAMUEL S. WILDE, ⎬ JUSTICES.
Hon. MARCUS MORTON, ⎠

## HENRY CURTIS et al. versus EDWARD BREWER.

By a contract between the plaintiffs and the defendant, for building the hull of a schooner, it was stipulated, that the vessel should " be built, caulked, finished and ready for the rigger to complete his work, launched and delivered afloat in the harbor of Eden," by the defendant, on or before June 1, 1833. It appeared, that it was the custom at Eden to rig vessels on the stocks, and that they could be rigged at that port with greater safety and economy in that situation. It was *held*, that the defendant was bound to have the vessel *ready for the rigger so long before the 1st of June that the rigging might be completed* and the vessel be launched by that day.

In the same contract it was stipulated, that if the vessel was not completed on or before June 1, 1833, the defendant should " pay charter to the plaintiffs at the rate of $1·50 per ton per month," for any delay in the completion of the vessel after that time ; and the parties bound themselves to the faithful performance of the contract, in the penal sum of $1000. It was *held*, that the damages for such delay were liquidated by the contract.

ASSUMPSIT for the breach of a contract for building the hull of a schooner called the Savage. The defendant pleaded the general issue. The trial was before *Putnam* J.

The contract contained the following stipulations : " The vessel is to be built, caulked, finished and ready for the rigger

to complete his work, launched and delivered afloat in the harbor of Eden, painted with one coat of paint inside and out above the wales, and graved below the wales, on or before the first day of June, 1833." " If said vessel is not completed according to the terms of the agreement on the first day of June, 1833, said Brewer is to pay charter to said Curtis & Savage, [the plaintiffs,] at the rate of $1·50 per ton per month, and in proportion for a less time, as said vessel shall overrun the time agreed upon. To the true and faithful performance of this agreement, the parties bind themselves each to the other, in the penal sum of one thousand dollars."

The principal damages claimed were for demurrage for one month, it being alleged, that the hull was unfinished at the time stipulated in the contract.

It appeared that the rigging of the vessel was commenced on the 12th of June ; that it would require a week or ten days to complete it ; that the vessel was rigged, and was launched on the 22d of June, with her spars on, and her rigging nearly all up ; but that no bill of sale of the vessel was given till the 29th of June.

It was proved, that it was the custom at Eden to rig vessels on the stocks, and that vessels could be rigged at that port with greater convenience, economy, and safety, in that situation ; and there was no evidence, that the plaintiffs requested that such an arrangement should be made, or objected to it.

The defendant contended, that by the true construction of the contract, if any demurrage was due, it could not be claimed for the time occupied in rigging the vessel.

The judge instructed the jury, that the true construction of the contract was, that the vessel should be finished, so that the rigging might be completed by the 1st of June, and the vessel be launched by that day ; that if she was not then in the situation stipulated for, it was for the defendant to give some legal excuse for it ; that if the plaintiffs had been negligent in getting the rigging to Eden, and the defendant had had the vessel ready for it, and was delayed by their neglect, he would not be liable for the demurrage arising from this cause ; and that they were to assess the damages for the demurrage, if they found any damages on this account, at $1 50 per ton per month.

The jury returned a verdict for the plaintiffs, and allowed them a demurrage for twenty-nine days.

If the foregoing instructions were correct, judgment was to be rendered on the verdict ; otherwise the verdict was to be set aside, and a new trial granted.

*C. P. Curtis*, for the plaintiffs.

*Child*, for the defendant.

SHAW C. J. delivered the opinion of the Court.    Several exceptions were taken to the directions of the court in point of law.

The first affected the construction of the written contract, viz. that by the true construction of the contract, the vessel was to be finished, so that the rigging might be completed by the 1st of June, and the vessel be launched and in the water by that day ; and if she was not then in the condition stipulated for, it was for the defendant to give some legal excuse.    This construction appears to us to be correct.    If the usage of rigging vessels on the stocks was so general, that it may be presumed that the parties contracted with reference to it, it seems to follow as a consequence, that the vessel was to be ready for the rigger, so long before the 1st of June, that she might be rigged and launched at that time.    The question whether the delay was attributable to the plaintiffs, which would have afforded such excuse, was properly left to the jury upon the evidence.

The direction respecting damages we think was correct. The stipulation in the contract was, that the defendant should pay demurrage at a certain rate for delay beyond the 1st of June.    Perhaps it could not, with entire strictness, be called demurrage, which in nautical language is technical, but it is a plain stipulation for liquidated damages, for delay in completing the contract.

*Judgment according to the verdict, for the plaintiffs.*